# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON
# CRIMINAL ACTION NO.: 09-42-DLB-JGW
# CIVIL ACTION NO. 11-7149-DLB-JGW

UNITED STATES OF AMERICA                               PLAINTIFF

VS.

MARCO RHODES                                                DEFENDANT

## REPORT & RECOMMENDATION

Defendant Marco Rhodes, proceeding *pro se*, has filed a *pro se* motion seeking to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255. Doc. 35. The United States has moved to dismiss the motion, arguing defendant has waived any right to file a post-conviction motion. Doc. 48. The motion to dismiss has been referred to the undersigned magistrate judge for a report and recommendation. 28 U.S.C. §636(b). For the following reasons, I recommend the motion to dismiss be granted.

**I. Factual Background**

Pursuant to a written plea agreement, defendant pleaded guilty on September 9, 2009 to Count 4 of the indictment against him, distribution of five or more grams of cocaine base. In return, the United States agreed to dismiss Counts 1, 2 and 3 of the indictment. On January 5, 2010, the defendant was sentenced to a term of two hundred eighty-eight months' imprisonment, to be followed by eight years of supervised release. Doc. 33.

The defendant filed no direct appeal, but on January 3, 2011 filed this collateral challenge to his conviction and sentence. Doc. 35. In his §2255 motion, the defendant raises three grounds for relief, each of which is based upon alleged ineffective assistance of counsel. In its

entirety, petitioner's first ground for relief is as follows:

> THE PETITIONER WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL DURING PLEA NEGOTIATIONS IN VIOLATION OF THE U.S. CONSTITUTION[.] Plea counsel failed to investigate the facts and law relevant to petitioner's case before convincing petitioner to plea[d] guilty to the offense charged, which resulted in this petitioner pleading guilty to a crime he was never aware of, and a higher sentence, as cocaine base commonly known as "crack" carried a higher statutory sentence (40 years['] imprisonment) than other forms of cocaine base. Petitioner's plea was not a knowing and intelligent (nor voluntary) plea.

Doc. 35, p. 4.

Petitioner's entire second claim for relief is:

> PETITIONER WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN ADVISING/CONVICNCING [sic] RHODES TO WAIVE HIS APPELLATE RIGHTS[.] Petitioner Rhodes was sentenced as a career offender under the provisions of U.S. Sentencing Guidelines, Section 4B1.1. He has since found that he is not a career offender. He has since found that, as a result of counsel's deficient performance, he was convicted of a crime, yet denied the relevant laws concerning and sentenced as a career offender although he does not qualify for sentencing as such.

*Id.* at p. 5.

Finally, petitioner's entire third claim for relief is:

> PETITIONER WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING. Two of the prior convictions used to classify, and sentence, this petitioner as a career offender were second-degree assault convictions out of Kentucky involving statutory elements of recklessness and wanton behavior, which, in light of recent Supreme Court authority are not qualifying predicates for purposes of the career offender sentence, or classification. Sentencing Counsel's failure to object in light of this authority, resulted in Rhodes being classified (and sentenced to a much higher sentence) although petitioner was not a career offender.

*Id.* at p. 6.

The United States has moved to dismiss the defendant's §2255 motion as expressly barred by his plea agreement. The plea agreement contains the following relevant provisions:

4. Because the Defendant has a qualifying prior drug felony conviction, the statutory punishment is a minimum of 10 years imprisonment and a maximum of life imprisonment, a fine of not more than $4,000,000.00, and a term of supervised release of not less than 8 years . . . .

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

. . .

(e) The United States takes the position that the Defendant is a career offender under U.S.S.G. § 4B1.1(a). The Defendant is free to oppose this enhancement and the final decision will be made by the Judge based on a preponderance of the evidence.

. . .

8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and any sentence within or below the guideline range as finally adopted by the Court at sentencing.

. . .

13. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

Doc. 32, p. 2-6.

In addition to the written plea agreement, the transcript of defendant's plea proceeding is in the record. Doc. 44. Because of the importance of that proceeding to merits of the instant collateral motion, the transcript will be quoted at length.

Prior to accepting the defendant's plea, the presiding trial judge first reviewed the relevant paragraphs of the written agreement:

> THE COURT: Count 4. Now, the indictment was returned back on May 14th of this year, Mr. Rhodes, and it contains several counts. In fact, there are four counts. Did you receive a copy of the indictment when you were brought before the Court, before the magistrate judge?
> THE DEFENDANT: Yes, sir.
> THE COURT: And did you go through the indictment with the Court?
> THE DEFENDANT: Yes, sir.
> THE COURT: Now, the charge in Count 4 is a felony. I understand from the probation officer that you have one or more prior felonies. Is that correct?
> THE DEFENDANT: Yes, sir.
> THE COURT: Mr. Howe has been appointed to represent you in this case, Mr.

Rhodes. Are you fully satisfied with the advice he's given you throughout these proceedings?
THE DEFENDANT: Yes, sir.
. . .
THE COURT: All right. Let me -- I'm going to start with the last thing you mentioned, which is this paragraph 8 of your plea agreement. It states, "The defendant waives the right to appeal and attack collaterally the guilty plea, conviction, and any sentence within or below the guideline range as finally determined by the Court at sentencing." It looks as if, according to this plea agreement, there's going to be perhaps an argument in favor of or against a particular guideline enhancement based upon a firearm. There may be a disagreement regarding whether or not you qualify for career offender status. The Court may be called on to decide those contested issues at sentencing. If, in fact, I decide and overrule objections that Mr. Howe makes on your behalf or objections made by Mr. Bracke on behalf of the United States, no matter what the Court decides on those objections, it looks as if there's a waiver of appeal of the sentence, no matter whether he is or he isn't a career offender on your client's behalf. Is that correct, Mr. Howe?
MR. HOWE [Defendant's counsel]: That is correct.
THE COURT: All right. I just wanted to make sure because sometimes there's issues which are preserved for appeal, contested sentencing issues, but this is not one of those cases; is that right?
MR. HOWE: Not on that issue, Your Honor. The intent -- and quite frankly, the whole issue is going to boil down -- there's a number of things. Even with the firearm enhancement, we recognize the career offender may very well eat up the firearm.
THE COURT: It would. If he were a career offender, the only reduction would be acceptance of responsibility.
MR. HOWE: You got it. So that's the situation. The other issue, Judge, because it is a crack case, because of the flux that it appears that there may be a change of law and with the arguments that are being made, Marco is very well aware of those. He's pointed those out to me, as well as I pointed it out to him. Then in some way, if the law would change and/or we wanted to be able to reserve to argue on a different ratio or something to that effect before the Court. That's the primary intent of what we're reserving here. And then the fact that that may affect -- wouldn't affect a career offender finding, if you will, unless the law would change in that regard, which I don't anticipate. But as far as where he is and how that would affect that level, possibly, on a 37 versus a 34 or something to that extent, that's where we're discussing on those issues.
THE COURT: Okay. Well, it looks as if there's going to be a waiver of appeal regardless.
MR. HOWE: Yes.
. . .
THE COURT: Okay. That's fine. That's fine. But you have discussed with your

> attorney the waivers in paragraph 8 of your plea agreement; is that right?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right. The Court finds -- well, first of all, the collateral attack, just let me explain what that is. That would be a separate waiver that you may have or that -- of a right that you may have to file a separate lawsuit later challenging your conviction and sentence. Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right. I do find after discussing it, with the caveats regarding the change in the law here that we discussed during the plea, that the waivers in paragraph 8 of the defendant's plea agreement are knowing and voluntary and that he understands the consequences of both waivers.

Doc. 44, p. 5-14. Defendant ultimately was sentenced within the guideline range.

**II. Analysis**

A motion brought pursuant to 28 U.S.C. §2255 is a collateral attack on a conviction. The defendant expressly waived his right to collaterally attack his conviction and sentence by agreeing to the plea bargain. Therefore, absent exceptional circumstances, the defendant's present § 2255 motion is barred by the express terms of his plea agreement.

Even a constitutional right may be waived, as long as a defendant did so by knowingly and voluntarily entering into a plea agreement. *See, e.g.*, *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collateral attack bars such relief. *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *Hunter v. United States*, 106 F.3d 1109, 1113 (6th Cir. 1998). As the Sixth Circuit stated, "when a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2555." *Davila,* 258 F.3d at 451. The rare exception to this rule is when the collateral attack concerns the validity of the waiver itself; otherwise, such a waiver would

never be effective. Finally, it is important to note that "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the records are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Defendant argues that his waiver was not knowing or voluntary but presents no evidence to support such a conclusion. Indeed, the transcript of the rearraignment set forth above, as well as the plea agreement itself, amply demonstrate that the defendant knowingly and voluntarily chose to waive his right to collaterally attack his conviction or sentence.

An exception to the blanket waiver exists, however, if a claim of ineffective assistance of counsel in a § 2255 petition "runs directly to the validity of the guilty plea itself, rather than other issues outside the plea that defendant has agreed not to appeal or collaterally attack . . . ." *United States v. Thompson*, 2008 WL 6506506 at *10 (W.D.Ky. Nov. 7, 2008) (citing *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007)). Defendant bears the burden to show that his plea was not knowingly or voluntarily made. *Thompson*, 2008 WL 6506506, at *10.

Defendant's main argument appears to be based upon the sentence he received, which he claims was improperly elevated based upon an improper finding that he was a career offender. Defendant bootstraps onto that premise an argument that his attorney was somehow ineffective for permitting defendant to plea to being a career offender. But any objection to defendant being a career offender would have been summarily denied as the Court at sentencing bluntly stated that "there's not a legal basis to challenge the career offender classification." Doc. 39, p. 17. An attorney cannot be ineffective for failing to raise a meritless argument.

Defendant only states in passing that his plea was not voluntary; he has not shown how

any alleged ineffective assistance of counsel led to his plea not being entered into knowingly or voluntarily. Thus, "[t]he nature of each ineffective assistance claim . . . runs directly to the calculation of [defendant's] sentence, rather than to the voluntarily and intelligent nature of the plea agreement itself." *Id.* at *12. In short, defendant has not met his burden to show that his plea was not knowingly or voluntarily made, meaning that the waiver provisions of the plea agreement are applicable.[1] The United States has complied with the terms of the plea agreement and defendant should be required to do likewise.

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** the motion of the United States to dismiss defendant's collateral attack [Doc. 48] be **granted** and that the defendant's motion to vacate his sentence [Doc. 35] be **denied** and dismissed from the active docket.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within

---

[1] Defendant's argument that the plea agreement somehow permits him to challenge the career offender designation via collateral attack is without merit. The plea agreement contains a blanket waiver of defendant's right to file a collateral attack, with no exclusions or reservations.

fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 18th day of April, 2011.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge