UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL CASE NO. 11-07149-DLB-JGW
CRIMINAL NO. 09-cr-42-DLB-JGW

UNITED STATES OF AMERICA                                            PLAINTIFF

vs.                **ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

MARCO D. RHODES                                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 35). The United States then filed a Motion to Dismiss Defendant's § 2255 to Vacate Sentence (Doc. # 48), to which the Defendant responded (Doc. # 50). Consistent with local practice, Defendant's § 2255 motion and the government's motion to dismiss were referred to Magistrate Judge Gregory Wehrman to prepare a Report & Recommendation (R&R). After review of both motions, the Magistrate Judge issued his R&R on April 18, 2011, recommending that Defendant's motion be denied and the government's motion be granted. (Doc. # 51).

On May 6, 2011, Defendant filed objections to the R&R. (Doc. # 52). No response having been filed and the time to do so having now expired, Defendant's motion to vacate and the government's motion to dismiss are now ripe for review. As required, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant has objected. 28 U.S.C. § 636(b)(1).

1

In his Objections, Defendant claims the Magistrate Judge misapprehends the scope of Defendant's waiver, which waives his right to appeal and collaterally attack his plea, conviction, and sentence. (Doc. # 52 at ¶ 8). Defendant argues that because the waiver does not *specifically* bar a challenge to his career-offender designation, any such challenge falls outside the scope of the signed waiver. In other words, Defendant argues he has not waived his right to contest his career-offender designation. He also objects to the Magistrate's characterization that Defendant's main argument "appears to be based on the sentence he received," instead claiming that his main argument is an ineffective assistance of counsel claim. Most fundamentally, he asserts counsel failed to object to Defendant's career- offender designation for purposes of sentencing, which resulted in the imposition of a lengthier sentence. Because Defendant's objections lack merit they will be **overruled**, and the Magistrate Judge's R&R will be **adopted** in its entirety.

To secure habeas relief under 28 U.S.C. § 2255, Defendant must demonstrate that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255(a). To prevail on a § 2255 motion alleging constitutional error, Defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993)). To prevail on a § 2255 motion alleging non-constitutional error, Defendant "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so

egregious that it amounts to a violation of due process." *Id.* (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)) (internal quotations omitted). The Court agrees with the Magistrate Judge that Defendant Rhodes has failed to make such a showing. Each specific challenge was appropriately addressed by the Magistrate Judge and his recommended decisions will be adopted as the opinions of the Court.

A habeas motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. In this case, Defendant signed a written plea agreement which expressly waived his right to collaterally attack his conviction, guilty plea, and sentence, provided the sentence he received was within or below the advisory sentencing guideline range.[1] (Doc. # 32). Defendant was sentenced to 288 months imprisonment. The advisory sentencing guideline range was 262 to 327 months. Defendant's present § 2255 motion is therefore barred by the express terms of his Plea Agreement. Defendant, however, argues that absent a specific reference to the career-offender designation in his Plea Agreement, he did not waive his right to challenge this designation. Defendant's argument lacks merit.

The waiver provision in Defendant's Plea Agreement is broadly worded. To trigger its applicability it need not anticipate—nor reference therein—each and every post-conviction challenge that a Defendant might possibly raise. If Defendant's contention was accurate, the only post-conviction challenge barred by the Plea Agreement would be one generically appealing or attacking Defendant's "conviction," "plea," or "sentence." Yet, logic

---

[1] Defendant's Plea Agreement provides that "the Defendant waives his right to appeal and the right to attack collaterally the guilty plea, conviction, and any sentence within or below the guideline range as finally adopted by the Court at sentencing." (Doc. # 32 at ¶ 8).

3

dictates that to attack a conviction, plea, or sentence, a defendant must supply the Court with specific arguments demonstrating the claimed error.  Here, Defendant alleges he was "forced" into a plea and was improperly sentenced as a result.  The thrust of his argument is an ineffective assistance of counsel claim that revolves around counsel's failure to object to Defendant's career-offender designation.  Despite his specific challenge to this designation, Defendant is ultimately attacking the validity of the signed waiver and the appropriateness of his sentence: conduct barred by the plea agreement Defendant himself signed.  (Doc. # 32).

The plea transcript, moreover, makes clear that Defendant was aware that the waiver would preclude any later challenge to his career-offender designation.  The Court specifically asked defense counsel—in Defendant's presence—whether the plea agreement was meant to waive any challenge to the Court's ultimate decision relative to the career-offender enhancement and counsel answered affirmatively.  (Doc. # 44 at 11).  Thus, if Defendant intended to preserve the issue for appeal, he missed his opportunity to do so when the issue was raised and resolved in open court during his guilty plea.  Though it is clear the Plea Agreement bars Defendant's § 2255 motion to vacate, the Court will nonetheless briefly address the merits of Defendant's objection relative to his ineffective assistance claim.

The Supreme Court has established a two-prong test for claims of ineffective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The first prong requires a showing "that counsel's performance was deficient."  *Id.*  The standard for determining whether counsel's performance was deficient is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of

4

professionally competent assistance." *Id.* at 690. There is a strong presumption that counsel's performance was adequate and it is up to the defendant to rebut "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)) (internal quotations omitted). The second prong of the *Strickland* test requires a showing "that the deficient performance prejudiced the defense." *Id.* at 687. To establish the prejudice prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of this prejudice prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The *Strickland* standard also "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Although the deficiency prong is the same in the guilty plea context, the prejudice prong has a different focus. *Id.* at 58-59. To satisfy the second prong of *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. In addition, where the defendant asserts that he would not have pled guilty if his attorney had advised him of a potential affirmative defense, "the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* (citing *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)). Similarly, where the defendant asserts that he would not have pled guilty if his attorney had discovered potentially exculpatory evidence, the determination of the "prejudice" inquiry "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.* "[T]hese

5

predictions of the outcome of a possible trial, where necessary, should be made objectively, without regard for the idiosyncrasies of the particular decisionmaker." *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695). Even where an ineffective-assistance claim arises out of a guilty plea, the prejudice prong requires a determination of whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Under the career-offender enhancement, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (2002). In determining whether a prior conviction qualifies as a crime of violence for career offender purposes, the Court must use a "categorical approach" and look "only to the fact of conviction and the statutory definition—not the facts underlying the offense—to determine whether that definition supports a conclusion that the conviction was for a crime of violence." *United States v. Ruvalcaba*, 627 F.3d 218, 221 (6th Cir. 2010) (quoting *United States v. Bartee*, 529 F.3d 357, 359 (6th Cir. 2008)). Under this approach, courts consider the offense "generically, that is to say, [they should] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141 (2008).

Guideline section 4B1.2(a) defines a "crime of violence" as an offense that warrants at least a year in prison and "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson,

6

or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *See United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). Defendant asserts that his prior conviction for assault in the second degree "did not satisfy the legal definition of 'crime of violence'" as defined by statute. (Doc. # 52 at 5).

Rhodes was convicted of violating K.R.S. § 508.020, assault in the second degree, which he admits in his written Plea Agreement: "On or about July 17, 2000, [ ] Defendant was convicted of two counts of Assault in the Second Degree, a felony." (Doc. # 32 at ¶ 3(I)). Assault in the second degree requires proof that the defendant intentionally or wantonly caused serious physical injury to another person. Using the categorical approach, K.R.S. § 508.020 clearly satisfies the definition of a crime of violence under U.S.S.G. § 4B1.2(a). Defendant, in firing a handgun into a crowd and striking two people, used physical force against the person of another, which satisfies the definition of a qualifying crime of violence for career-offender enhancement purposes. That Defendant argues in his supplemental affidavit that he did not intend to strike the victims harmed is irrelevant. (Doc. # 53). The categorical approach instructs the Court to look only to the statutory definition of the crime, not the underlying facts involved. Defendant was convicted of second degree assault, which means that he was found to have intentionally or wantonly used physical force against the person of another.

Even if the Court were to disregard the categorical approach and look to the underlying facts involved in this case, Defendant Rhodes' conduct was the quintessential crime of violence. According to court records, on September 22, 1999, Covington, Kentucky Police Officers responded to the area of Robbins and Greenup Streets in regard

to a shooting incident. At the scene, officers found two individuals, Anita Watts and Alexandria Jones, both of whom had been shot. Both victims required treatment at local hospitals. Ms. Watts had gunshot wounds to both legs and a shattered left femur. On September 24, 1999, a Covington Police Officer spoke with Ms. Watts who stated that at the time she was shot, she saw the defendant and numerous other males (about 12) standing in the vicinity of Robbins and Greenup. Defendant and another male were firing handguns in their direction. Ms. Watts later identified Defendant from a photograph as one of the men who shot her. Firing a handgun into a crowd of people, even absent intent to harm, is a classic example of wanton conduct. Wanton conduct is prohibited under Kentucky's assault statute and Defendant was so convicted. *See* K.R.S. § 508.020 (A person is guilty of assault in the second degree when: "(c) he *wantonly* causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.") (emphasis added). Defendant's contention that he "accidentally" shot two people is immaterial; Defendant simply did not "accidentally" fire a gun into a crowd of people.

For these reasons, irrespective of the waiver which the Court has found to be knowing, voluntary, and preclusive of Defendant's current motion, his attorney could not have been ineffective in failing to object to the career-offender designation because any such objection absolutely would have been unsuccessful. Defendant is unable to establish that counsel's performance was deficient in failing to raise a meritless objection and that but for counsel's failure to object to the career-offender designation the result of his sentencing proceeding would have been different. Regardless of any objection raised, Defendant's conviction for assault in the second degree qualifies as a predicate offense for

purposes of the career-offender guideline.  Defendant therefore fails both prongs of the *Strickland* analysis.  Accordingly, not only is Defendant's § 2255 barred by his signed plea agreement, but his ineffective assistance of counsel claim fails on the merits.

For the reasons stated herein, **IT IS ORDERED AND ADJUDGED** as follows:

(1) Defendant's Objections to the R&R (Doc. # 52) be, and are hereby, **overruled**;

(2) The Report and Recommendation of the United States Magistrate Judge (Doc. # 51) be, and is hereby, **adopted** as the Findings of Fact and Conclusions of Law of the Court;

(3) Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 35) be, and is hereby, **denied;**

(4) The United States' Motion to Dismiss Rhodes' § 2255 Motion to Vacate Sentence (Doc. # 48) be, and hereby is, **granted**;

(5) Defendant's Motion to Supplement his § 2255 Motion to Vacate (Doc. # 53) be, and hereby is, **granted**.  The Court considered Defendant's additional affidavit herein;

(5) This matter is hereby **dismissed with prejudice** and **stricken** from the docket of this Court; and

(6) That no certificate of appealability shall issue herein.  For the reasons previously set forth in the Magistrate Judge's Report and Recommendation that has now been adopted by this Court, and for the additional reasons stated herein, the Court certifies that Defendant has not made a substantial

showing of the denial of a constitutional right and, accordingly, there would be no arguable merit for an appeal in this matter. Therefore, an appeal would not be taken in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3), nor has Defendant made the requisite showing under 28 U.S.C. § 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure.

This 5th day of August, 2011.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\Covington Criminal\2009\09-42 Adopt R&R.wpd